**THE LAW OFFICES OF HOWARD W. RUBINSTEIN**
Richard A. Proaps, Esq., State Bar No. 78898
rproaps@aol.com
8150 Greenback Lane, Bldg. 200
Fair Oaks, California 95628
Telephone: (916) 722-1665
Facsimile: (916) 722-4881

**MILSTEIN ADELMAN, LLP**
Gillian L. Wade, State Bar No. 229126
gwade@milsteinadelman.com
Sara D. Avila, State Bar No. 263213
savila@milsteinadelman.com
Corina Maccarin, State Bar 263748
cmaccarin@milsteinadelman.com
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Facsimile: (310) 396-9635

**Attorney for Plaintiff
SHARON LESLIE NORMAND**
(Additional counsel appear on signature page)

*Filed
E-filing
MAY 10 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE
ADR*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON LESLIE NORMAND, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>APPLE, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV11-02317 HRL<br><br>**CLASS ACTION COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**<br><br>1. Violations of 18 U.S.C. §§ 1030, *et seq.*<br>2. Violations of Cal. Civ. C. §§ 1790, *et seq.* (Song-Beverly Consumer Warranty Act)<br>3. Intentional Misrepresentation<br>4. Negligent Misrepresentation<br>5. Violations of Cal. Bus. & Prof. C. §§ 17200, *et seq.* (Unfair Competition Law)<br>6. Violations of Cal. Bus. & Prof. C. §§ 17500, *et seq.* (False Advertising Law)<br><br>**DEMAND FOR JURY TRIAL** |

Class Action Complaint

**BY FAX**

Plaintiff, SHARON LESLIE NORMAND ("Plaintiff"), individually and on behalf of all others similarly situated United States residents, bring this complaint against Defendants, APPLE, INC., a California corporation; and DOES 1 through 10, inclusive, (collectively "Defendants" or "Apple"), and alleges as follows:

## JURISDICTION

1. This Court has jurisdiction over the subject matter presented by this Complaint because it is a class action arising under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), which explicitly provides for the jurisdiction of the Federal Courts over any class action in which any member of the Plaintiff class is a citizen of a state different from any Defendant, and in which the matter in controversy exceeds in the aggregate the sum of $5,000,000.00, exclusive of interest and costs. Plaintiff seek to represent a national class, and more than 2/3 of the members of the putative class are citizens of different states than Apple. Plaintiff is a resident of Monroe County, New York. Plaintiff alleges that the total claims of the individual members of the Plaintiff Class in this action are in excess of $5,000,000.00 in the aggregate, exclusive of interest and costs, as required by 28 U.S.C. § 1332(d)(2), (5).

2. Defendant can be considered a citizen of California. More than 2/3 of the putative Class are citizens of states other than California. Therefore, diversity of citizenship exists under CAFA as required by 28 U.S.C. § 1332(d)(2)(A).

## VENUE

3. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(a) because, as set forth below, Defendant conducts and transacts substantial business in this District, and at least one Defendant has its headquarters located in this District.

## PARTIES

4. Plaintiff SHARON LESLIE NORMAND ("Plaintiff"), is an adult individual and resident of Monroe County, New York. Plaintiff NORMAND was a user of the Apple iPhone 4 that engaged in illegal tracking and recording of Plaintiff's movements and locations which was done without her knowledge or consent and without disclosure of such tracking by Defendant APPLE, INC. The Apple iPhone 4 was one of the devices using the iOS4 operating system. Plaintiff relied on Apple Inc.'s statements and omissions with regard to protecting her privacy. She has a legitimate privacy interest in her locations and reasonably believed this information would not be tracked by Apple Inc., let alone maintained in an unencrypted format.

Class Action Complaint

5. Defendant APPLE, INC. is a California corporation with its principle place of business within this District in Santa Clara County, California. Apple, Inc. conducts substantial business throughout this State, this District, and throughout the entire United States by advertising and through the extensive use of distribution channels that delver and sell the goods and services to consumers.

6. Plaintiff also names Does 1–10 as Defendants in this action, whose names and roles in this controversy have not presently been ascertained. At all times relevant herein, these Doe Defendants, along with APPLE, INC. and its employees, subsidiaries, affiliates, and other related entities, were the agents, servants, and employees of each, and at all times relevant herein, each was acting within the purpose and scope of that agency, service, and employment.

7. Whenever reference in this Complaint is made to any act or transaction of the Defendant, such allegation shall also include the principals, officers, directors, employees, agents, and/or representatives of Defendant who committed, knew of, performed, authorized, ratified and/or directed such acts or transactions on behalf of Defendant while actively engaged in the scope of their duties.

## GENERAL ALLEGATIONS

8. Apple iPhones and 3G iPads are secretly recording and storing details of all their owners' movements. Plaintiff is informed and believes and based thereon alleges that the location date is hidden from users but unencrypted, making it easy for Apple or third parties to later access.

9. Apple's pattern of conduct in tracking consumers' locations and storing this data was intentional.

10. This action arises out of Apple's failure to inform their customers and users of the iPhone and 3G iPad that there movements were being tracked and recorded.

11. All iPhones log, record and store users' locations based on latitude and longitude alongside a timestamp. The iPhones store this information in a file called "consolidated.db" or something similar. Apple intentionally began recording this information with the release of its iOS 4 operating system in June 2010. Apple uses a cell-tower triangulation to obtain user location, thereby recording your moves. Alternatively, Apple may use global positioning system (GPS) data to obtain user location.

Class Action Complaint

12. Apple devices download the user location data to the user's computer when the mobile device synchronizes ("syncs") or shares data with the computer. The data is unencrypted on the mobile devices and also on users' computers that sync with those mobile devices.

13. Apple's terms of Service (available at http://www.apple.com/legal/itunes/uk/terms.html) do not disclose its comprehensive tracking of users. Plaintiff and other users did not provide any sort of informed consent to the tracking at issue in this case.

14. Apple's omission of its uniform location tracking policies, practices and procedures was material, as a reasonable consumer has a privacy interest in his or her location and would find it important that a company was recording each location he or she visited and storing them in an unencrypted format. Apple collects the location information covertly, surreptitiously and in violation of law.

15. Plaintiff and Class members had no reasonable basis to believe every physical location they visited, while carrying their iPhone or iPad, could or would be monitored by Apple and then stored in an unencrypted format.

16. Apple tracks users' locations on its own, separate, apart and in addition to the information it collects in conjunction with other businesses that develop applications for Apple's devices. This action is not about the applications. It is about Apple's collection of their customers' location information.

17. Apple's iPhones and iPad 3Gs (collectively, the "Products") were created to keep consumers "connected" at all times, and are thus carried by consumers to essentially every location they travel to, making the information collected by Apple highly personal, and valuable; indeed, in many instances it may be information to which employers and family members are not privy.

18. That information about places frequently visited by a consumer are stored unencrypted, and the accessibility of the unencrypted information collected by Apple places consumers, including Plaintiff and the Class, at serious risk of privacy invasions, including crimes such as theft and stalking.

19. Plaintiff and proposed Class members were harmed by Apple's accrual of personal location, movement and travel histories because their personal computers were used in ways they did not approve, and because they were personally tracked just as if by a tracking device for which a court-ordered warrant would ordinarily be required.

20. Plaintiff brings this action to stop Apple's illegal and intrusive scheme of collecting personal location information.

21. Plaintiff seeks an injunction requiring Apple to disable such tracking in its next-released operating system for the relevant devices, which include at least iPhones running iOS 4 operating systems and 3G iPads.

22. Plaintiff also seeks damages for violation of her and the Class Members' statutory and common law privacy rights.

23. As a direct and proximate result of Defendant,s conduct, Plaintiff and the Class have suffered and/or will suffer irreparable and irreversible damage. As such, Plaintiff, on behalf of the Class, seek injunctive relief, compensatory and punitive damages, statutory penalties and restitution for statutory and common law violations of California law.

24. An injunction that would, among other things, require Apple to reconfigure its software so that users' personal location information is not collected, synced to other computers, nor stored in an unencrypted format, is required to protect Plaintiff and the Class' privacy rights for the following reasons:

   a. Apple knew or should have known that ordinary consumers acting reasonably would not understand the Apple privacy policy to include the location tracking and synchronizing at issue in this case.

   b. Irreparable injury has resulted and continues to result from Apple's unauthorized tracking of millions of Americans. Once Plaintiff and the Class began carrying their Apple Products, Apple began tracking their locations. This has happened in the past and continues to happen all across the United States. It is unconscionable to allow Apple to continue unlawfully and without proper consent tracking Plaintiff and proposed Class members. If Apple wanted to track the whereabouts of each of its products' users, it should have obtained specific, particularized informed consent such that Apple consumers across America would not have been shocked and alarmed to learn of Apple's practices in recent days.

   c. No adequate remedy at law exists because users of Apple products have no way to prevent Apple from collecting this information because even if users disable the iPhone and iPad GPS components, Apple's tracking system remains fully functional.

d. Balance of the hardships favors Plaintiff and the Class because it is easier for Apple to stop unlawfully tracking the every move of Americans than it is for individual consumers to circumvent Apple's sophisticated tracking programs. To require that Plaintiff and the Class bear the consequences of Apple's deceptive privacy policy and unlawful acquisition of personal location information would be inequitable.

e. The public has an important privacy interest their locations. Without an injunction, the unencrypted tracking information being synced with computers and networked to the internet are unsecured. The public interest would not be disserved, and indeed would be advanced, by entering an injunction against Defendant.

25. Plaintiff also seeks an order that Defendant was unjustly enriched as a result of the conduct described herein, and that such funds be disgorged. Because of Apple's omissions and concealment, Plaintiff and Class members conveyed a benefit to Apple by purchasing its products, maintaining and purchasing its service and then being tracked everywhere they subsequently traveled. Apple appreciated the benefit conferred on it by Plaintiff in this transaction because it was enriched in the amount Plaintiff paid for the iPhone and iPad and the monthly service. Plaintiff is entitled to have a refund of the amounts that they paid for the iPhone, iPad 3G and monthly service charges due to the fraudulent conduct of Defendants in an amount according to proof.

## CLASS ACTION ALLEGATIONS

26. The Plaintiff brings this action on behalf of herself and proposed plaintiff Class members under Rules 23(b)(2) and (3) of the Federal Rules of Civil Procedure. The proposed Class consists of:

**All persons in the United States who purchased or owned an iPhone with the iOS 4 operating system or a 3G iPad between the release of those products for sale by Apple and the present. Excluded from the Class are those who purchased the products for resale; members of the federal judiciary and their relatives; and Defendant's officers, directors and employees.**

27. While the exact number of Class members is unknown to the Plaintiff at this time, Plaintiff is informed and believes and based upon such information and belief alleges that there are millions of members of the proposed Class. Approximately 59 million people now have an iPhone, and many of those run the iOS 4 operating system at issue in this case, and about 10 million people have purchased an iPad, many of those the 3G version at issue here. The Class is so numerous that joinder of all members of the Class is impracticable.

28. This action involves questions of fact common to all Class members because all Class members purchased, own or use iPhones or iPads under uniform Apple privacy policies.

29. This action involves question of law common to all Class members because:
   a. The Computer Fraud and Abuse Act, violated here, is national in scope and applies to all prospective Class members; and
   b. Apple's privacy invasions have violated Plaintiff's and Class members' common law rights in uniform ways.

30. Plaintiff's claims are typical of those of other members of the Class as there are no material differences in the facts and law underlying the claims of Plaintiff and the Class and by prosecuting their claims Plaintiff will advance the claims of Class members. Plaintiff has retained counsel competent and experienced in the prosecution of this type of litigation.

31. The common questions of law and fact among all Class members predominate over any issues affecting individual members of the Class, including but not limited to:
   a. whether Apple obtained and stored Plaintiff's location information;
   b. whether Apple failed to disclose material terms in its privacy policy regarding its collection of users' location information;
   c. whether Apple intends to market or otherwise exploit users' location information;
   d. whether the alleged conduct constitutes violations of the laws asserted herein;
   e. whether Plaintiff and Class members are entitled to declaratory and injunctive relief;
   f. whether Plaintiff and Class members have sustained monetary loss and the proper measure of that loss;
   g. whether Plaintiff and Class members have sustained consequential loss, and to what measure; and
   h. whether Apple's acts and omissions warrant punitive damages.

32. Class treatment of the claims set forth herein is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class members to prosecute their claims individually. Absent a class action, a multiplicity of individual lawsuits would be required to address the claims between Class members and Apple, and inconsistent treatment and adjudication of the claims would likely result.

33. The litigation and trial of Plaintiff's claims is manageable. Apple's standardized "Terms and Conditions" at issue, Apple's uniform deployment of operating systems that track each user in identical ways, the consistent provisions of the relevant laws, and the readily ascertainable identities of many Class members demonstrate that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

34. Apple has acted or refused to act on grounds that apply generally to the Class so that final injunctive relief and corresponding declaratory relief are appropriate.

35. Unless a class-wide injunction is issued, Apple will continue to commit the violations alleged, and the members of the Class will continue to be tracked, unlawfully surveyed, and potentially endangered.

36. Apple has acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief with respect to the Class as a whole.

37. Apple's acts and omissions are the direct and proximate cause of damage as described in the following Causes of Action:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT
### 18 U.S.C. §§ 1030, ET SEQ.
### (Plaintiff and Class Members Against All Defendants)

38. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, and those that come after as if fully set forth here.

39. By secretly installing software that records users' every moves Apple has accessed Plaintiff's computer and iPhone, in the course of interstate commerce or communication, in excess of the authorization provided by Plaintiff as described in the Computer Fraud and Abuse Act (the "Fraud Act") 18 U.S.C. § 1030(a)(2)(C).

40. Plaintiff's iPhones and iPads, and those of the Class, are protected computers pursuant to 18 U.S.C. section 1030(e)(2)(B).

41. Apple further violated the Fraud Act by causing the transmission of a program, information, code or command - both in deploying the iOS 4 operating systems, and also as a result of the syncing of user handheld devices with their laptop or desktop computers - and as a result caused harm aggregating at least $5,000,000 in value.

42. Apple's actions were knowing or reckless and, as described above, caused harm to Plaintiff and proposed Class members.

43. Plaintiff seeks recovery for this loss, as well as injunctive and declaratory relief to prevent future harm.

## SECOND CAUSE OF ACTION
## BREACH OF SONG-BEVERLY CONSUMER WARRANTY ACT
## CAL. CIV. C. §§ 1790, ET SEQ.
### (By Plaintiff and the Class as against all Defendants)

44. Plaintiff re-alleges and incorporates the above allegations by reference as if set forth fully herein.

45. Plaintiff asserts this Cause of Action individually, on behalf of the Class and on behalf of the common or general interest for breach of implied warranty under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §1790, et seq.

46. The Apple iPhone and 3G iPad are "consumer goods" within the meaning of Civ. Code §1791(a).

47. Apple's implied warranty of merchantability arose out of and/or was related to the sales of the Apple iPhone, iPad and OS4 operating system and service.

48. As set forth more fully above, Defendant has failed to comply with its obligations under its implied warranty of merchantability.

49. Plaintiff and the Class have suffered and will continue to suffer damages as a result of Defendant's failure to comply with its warranty obligations. Accordingly, Plaintiff and the Class are entitled to recover such damages under the Song-Beverly Act, including damages pursuant to Civ. Code §§1791.1(d) and 1794. Defendant's breaches of warranty, as set forth above, were willful. Accordingly, a civil penalty should be imposed upon Defendants in an amount not to exceed twice the amount of actual damages.

//

## THIRD CAUSE OF ACTION
## INTENTIONAL MISREPRESNTATION
### (By Plaintiff and Class Members Against All Defendants)

50. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, and those that come after as if fully set forth here.

51. Apple represented to Plaintiff and Class members that it would not collect information about their every movement and location, and omitted disclosing this to Plaintiff and the Class.

52. Apple knew its privacy terms and conditions policy was, and continues to be, false, deceptive and untrue. Apple omitted the fact that Apple will track users, and intended for Plaintiff and Class members to rely on its deceptive statements.

53. Plaintiff and Class members had no reason to believe their physical locations could or would be monitored by Apple and stored in an unencrypted format.

54. Apple's omission of its location tracking policies, practices and procedures was material, as a reasonable consumer has a privacy interest in his or her location and would find it important that a company was recording each location he or she visited and storing them in an unencrypted format.

55. Apple's fraud is comprised both the omissions of proper disclosures to its users and to its illegal tracking of their movement.

56. Plaintiff and Class members, acting as ordinary consumers, reasonably relied on Apple's representations. Plaintiff had a right to rely on Apple's representations. Plaintiff's and Class members' reliance on Apple's omissions was a substantial factor in causing their harm. Plaintiff and Class members were damaged in the amount of money required to purchase Apple's products and the monthly service charges on their accounts.

57. Plaintiff and the Class seek punitive damages from Apple.

58. Apple had and continues to have a duty of good faith, which implicitly includes a duty not to deceive consumers, and also not to conduct this sort of covert digital surveillance on consumers. And they certainly have a duty not to stalk consumers. But that is exactly what Apple has done and continues to do. Apple has collected and maintained the location history of Plaintiff and the Class, in an unprotected format in conscious disregard of the rights, including privacy rights, of the Plaintiff and Class Members.

59. To remedy Apple's intentional omission to consumers, and omission of clarifying statements during the sales process. Plaintiff and Class members seek to rescind the contracts, and thereby disgorge all monies paid to Apple for these products.

## FOURTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION
### (Plaintiff and Class Members Against All Defendants)

60. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above, and those that come after as if fully set forth here.

61. At all times since 2009 in advertising for and soliciting customers, Apple omitted a material fact—that purchasers would be tracked at all times during its sale of iPhones and iPad 3Gs to consumers and that records of the tracking would be maintained and may be maintained indefinitely.

62. Apple was negligent in making the omission because it should have known that whether their every movement would be tracked, recorded, and stored for later use was material to consumers.

63. Apple, in making that omission intended, or expected, that Plaintiff and Class members would rely on the omission.

64. Plaintiff and the Class justifiably relied on Apple's omissions about its tracking of purchasers, and would not have purchased Apple's products but for the omission. Plaintiff and the Class were damaged in amounts equal to the price they paid for Apple products and their monthly service charges.

65. Apple's omissions were material and directly and proximately caused ordinary consumers acting reasonably, Plaintiff and Class members included, to buy the iPhone and iPad products. Without Apple's omissions of its covert intentions, the products would not have been purchased, and Plaintiff would not have suffered damages.

66. Plaintiff seeks punitive damages from Apple.

## FIFTH CAUSE OF ACTION:
## VIOLATIONS OF BUS & PROF. CODE § 17200 ET SEQ.
### (By Plaintiff and the Class as against all Defendants)

67. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

68. This cause of action is brought pursuant to Cal. Bus. & Prof. Code § 17200 et seq., which provides that "unfair competition shall mean and include any unlawful, unfair or deceptive business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter I (commencing with Section 17500) as Part 3 of Division 7 of the Business and Professions Code."

69. Apple committed "unlawful" business acts or practices when they violated California Const., Art. I, Section I, Cal. Bus. & Prof. Code 17500, et seq., 18 U.S.C. § 1030 et seq. and the Song-Beverly Act, Civ. Code §1790, et seq.as described above.

70. Apple committed unfair and fraudulent business acts or practices by failing to adequately advise Plaintiff and the Class that they were tracking their movements and locations of Plaintiff and Class Members and recording that information for periods of one year or longer. The record of movements was accessible by Apple and could be made available to third parties as well as subject to access by subpoena.

71. Apple has engaged in unfair, unlawful and fraudulent business practices as set forth above.

72. By engaging in the above-described acts and practices, Apple has committed one or more acts of unfair competition within the meaning of Bus. & Prof. Code §17200, et seq.

73. Apple's acts and practices have and/or are likely to deceive members of the consuming public into reasonably believing that their movements and locations could be kept private when they had an Apple device with the iOS4 operating system with them.

74. The activity of Apple tracking its customers and maintaining records of the tracking was the direct and proximate result of Defendant's failure to advise Plaintiff and Class Members that they were being tracked and the records of their locations were being maintained and of Apple not providing the Plaintiff and Class Members a means of consenting to or opting out of the tracking and recording of their movements. It was reasonably foreseeable to Apple that Plaintiff and Class Members would not want to have their movements tracked and the records of their movements recorded and maintained indefinitely.

75. Defendant actively concealed its knowledge that Defendant were tracking and recording the movements and locations of Plaintiff and Class Members.

76. Pursuant to the California Constitutional Right to Privacy and California law there is an explicit public policy, creating an affirmative and continuing obligation on Defendant

herein, to respect consumers' privacy and to provide reasonable consumer computer data security under the circumstances, including, without limitation, the Plaintiff and the Class herein, and to protect the security and confidentiality of their nonpublic personal information (i.e. their location history). Such duties include, without limitation, the duty to ensure security, protect against anticipated threats, and protect against unauthorized access. Defendant, on information and belief, breached said duties by tracking the movements and locations of Plaintiff and Class Members and maintaining records of such private information, all without the knowledge or consent of Plaintiff or Class Members.

77. The harmful impact upon members of the general public and the Class who purchased and used the iPhone iPad and OS4 operating system service outweighs any reasons or justifications by Defendant for its conduct, as described above, considering the reasonably available alternatives. Preventing such conduct or redressing it is tied to a legislatively declared policy of not permitting the mislabeling or advertising of Apple iPhones or iPads using the OS4 operating system.

78. The use of such unlawful, fraudulent and unfair business acts and practices was and is under the sole control of Defendant, and was deceptively concealed from the public by Defendants.

79. As a purchaser and consumer of Defendant's goods and services who suffered injury in fact and a loss of money or property (including property interest in personal information) as a result of Defendant's acts of unfair competition from purchasing the goods and services at the prices, that Plaintiff did, Plaintiff has standing to assert the claims made herein on behalf of the Class and seek all available remedies under the UCL.

80. Apple's sales and marketing practices thus constitute unfair, deceptive, fraudulent and/or unlawful business practices within the meaning of California Bus. & Prof. Code § 17200 et seq.

81. Pursuant to California Bus. & Prof. Code § 17203, Plaintiff, on behalf of herself and all others similarly situated for the benefit of the public, seeks an order of this Court:

    a. Enjoining Defendant from continuing to engage, use, or employ business acts or practices found by this Court to be unfair, deceptive and/or unlawful, related to the tracking of Plaintiff and the Class' locations and storing that information in an unencrypted format, as set forth in detail above; and

  b. Restoring all monies that may have been acquired by Defendant as a result of such unfair, deceptive and/or unlawful business acts or practices.

82. Plaintiff and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

83. As a result of Defendant's violations of the UCL, Plaintiff and the Class are entitled to restitution for out-of-pocket expenses and economic harm.

84. As a further result of Defendant's conduct, Plaintiff and the Class are entitled general and special damages, an award of up to 3 times the general and special damages proximately caused by a violation of Civil Code sections 1708.8 (a), (b), or (c) and, if done for a commercial purpose, disgorgement to the Plaintiff and Class Members any proceeds or other consideration obtained as a result of the violation of this section. California Civil Code section 1708.8(d). This section provides that the Defendants may also be liable for punitive damages as provided in Civil Code section 3294.

85. Pursuant to California Civil Code § 3287(a), Plaintiff and Members of the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct. The amount of damages suffered as a result is a sum certain and capable of calculation, and Plaintiff and Members of the Class are entitled to interest in an amount according to proof.

### SIXTH CAUSE OF ACTION
### VIOLATIONS OF BUS. & PROF. CODE § 17500 (FAL)
**(By Plaintiff and the Class as against all Defendants)**

86. Plaintiff re-alleges and incorporates by reference the allegations set forth in each of the preceding paragraphs of this Complaint.

87. Plaintiff brings this cause of action on behalf of herself, on behalf of the Class, and on behalf of the common or general interest. Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's violations of Bus. & Prof. Code §17500, et seq.

88. Beginning in or about 2009, Defendans engaged in advertising and marketing to the public and offered the Apple iPhones and iPad with the OS4 operating system for sale throughout the United States, including California, and the world.

89. Defendants have engaged in the advertising and marketing alleged herein with intent to directly or indirectly induce the purchase of the iPhone or iPad with the OS4 operating system and service.

90. Defendant's advertisements and marketing representations regarding the technical and other characteristics of the Apple iPhone, iPad, OS4 operating system and service are false, misleading and deceptive as set forth more fully above.

91. At the time Defendans made and disseminated the statements alleged herein, it knew or should have known that the statements were untrue or misleading, and acted in violation of Bus. & Prof. Code §17500, et seq.

92. Defendant actively concealed its knowledge that the movements and locations of its customers would be tracked and that the records of the tracking would be maintained by Apple for extensive periods of times that could be for more than a year.

93. Plaintiff has been harmed. Plaintiff, on behalf of herself, on behalf of the Class and on behalf of the common or general interest, seeks restitution, disgorgement, injunctive relief and all other relief allowable under §17500, et seq.

94. Plaintiff and members of the general public may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

95. As a result of Defendant's violations of the FAL, Plaintiff and the Class are entitled to restitution and disgorgement for out-of-pocket expenses and economic harm.

96. Pursuant to California Civil Code § 3287(a), Plaintiff and Members of the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's wrongful conduct. The amount of damages suffered as a result is a sum certain and capable of calculation, and Plaintiff and Members of the Class are entitled to interest in an amount according to proof.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, prays for relief pursuant to each cause of action set forth in this Complaint as follows:

1. For an order certifying that the action may be maintained as a class action, certifying Plaintiff as representative of the Class, and designating her counsel as counsel for the Class;

2. For an award of equitable relief as follows:

(a) Enjoining Defendants from making any claims for the goods and services found to violate California law as set forth above;

(b) Requiring Defendants to make full restitution of all monies wrongfully obtained as a result of the conduct described in this Complaint;

(c) Requiring Defendants to disgorge all ill-gotten gains flowing from the conduct described in this Complaint;

(d) Requiring Defendants to immediately cease its wrongful conduct;

(e) Enjoining Defendants' unfair, unlawful and fraudulent conduct;

(f) Requiring Defendants to engage in a corrective notice campaign;

(g) Requiring Defendants to refund to Plaintiff and all members of the Class the funds paid to Defendants for the Product;

3. For an award of attorney's fees and costs.

4. For an award of statutory damages, pursuant to §1708.8(d) of the Civil Code and any other applicable statutes;

7. For an award of damages to be determined at trial;

8. For an award of statutory damages to be determined at trial;

9. For an award of punitive damages to be determined at trial.

10. For pre- and post-judgment interest on any amounts awarded.

DATED: May 10, 2011        Respectfully submitted,

*[signature]*
Sara D. Avila

MILSTEIN ADELMAN, LLP
Gillian L. Wade, State Bar No. 229126
gwade@milsteinadelman.com
Sara D. Avila, State Bar No. 263213
savila@milsteinadelman.com
Corina Macarin, State Bar 263748
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Fax: (310) 396-9635

THE LAW OFFICES OF
HOWARD W. RUBINSTEIN

Richard A. Proaps, State Bar No. 78898
rproaps@aol.com
Howard W. Rubinstein, Fla. State Bar No. 104108
howardr@pdq.net
PO Box 4839
Aspen, CO 81612
Telephone: (832) 715-2788
Facsimile: (561) 688-0630
*To apply pro hac vice*

Attorneys for Plaintiff
SHARON LESLIE NORMAND

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

DATED, May 10, 2011                    Respectfully submitted,

_____
Sara D. Avila

MILSTEIN ADELMAN, LLP
Gillian L. Wade, State Bar No. 229126
gwade@milsteinadelman.com
Sara D. Avila, State Bar No. 263213
savila@milsteinadelman.com
Corina Macarin, State Bar 263748
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Fax: (310) 396-9635


THE LAW OFFICES OF
HOWARD W. RUBINSTEIN
Richard A. Proaps, State Bar No. 78898
rproaps@aol.com
Howard W. Rubinstein, Fla. State Bar No. 104108
howardr@pdq.net
PO Box 4839
Aspen, CO 81612
Telephone: (832) 715-2788
Facsimile: (561) 688-0630
*To apply pro hac vice*

Class Action Complaint